1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JONES MAYER
Angela M. Powell State Bar No. 191876
amp@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant
RICHARD WYATT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

PARKER SEITZ,

      Plaintiff,

      v.

COUNTY OF LOS ANGELES, RANDY
AUSTIN, NICHOLAS HERNÁNDEZ,
RICHARD WYATT, JUSTIN DIEZ, THE
BREAK ROOM INC., DOES 1 THROUGH
10, inclusive,

      Defendants.

Case No.  2:25-cv-08005-RGK-RAO

Assigned to Hon. R. Gary Klausner and
Magistrate Judge Rozella A. Oliver

**DEFENDANT RICHARD WYATT'S
NOTICE OF MOTION AND MOTION
TO DISMISS COUNTS 1-3 AND 7-12
OF PLAINTIFF'S COMPLAINT**

[Filed Concurrently with Memorandum of
Points and Authorities; Declaration of
Angela M. Powell; and [Proposed] Order]

Date:  December 8, 2025
Time: 9:00 a.m.
Dept: 850 (8th Floor)

Action Filed:  07/01/21

-1-



1    **PLEASE TAKE NOTICE THAT** on December 8, 2025, at 9:00 a.m., or as

2    soon thereafter as the matter may be heard before the Honorable R. Gary

3    Klausner, United States District Court Judge, in Courtroom 850 of the Roybal

4    Federal Building, located at 255 East Temple Street, Los Angeles, California

5    90012, Defendant Richard Wyatt ("Wyatt" or "Defendant") will and hereby moves

6    the Court for an order dismissing Plaintiff Parker Seitz's ("Seitz" or "Plaintiff")

7    Complaint in its entirety as to Defendant Wyatt pursuant to Federal Rules of Civil

8    Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

9        Plaintiff has brought three constitutional claims under 42 U.S.C. § 1983 –

10    a First Amendment Claim, a Retaliation Claim, and a Conspiracy Claim.  Further,

11    Plaintiff has brought seven state claims – specifically, a claim of intentional

12    infliction of emotional distress ("IIED"); an alleged violation of California Civil

13    Code, § 52.1 ["Bane Act"]; an abuse of process claim; a defamation claim; a

14    negligence claim; and a civil conspiracy claim.  Defendant incorporates the County

15    of Los Angeles's (the "County's) Motion to Dismiss the Complaint by reference.[1]

16        First, Plaintiff has failed to sufficiently plead a 28 U.S.C. § 1983 First

17    Amendment retaliation claim and corresponding cause of action for conspiracy

18    because he has failed to establish any sort of agreement between Commander Diez

19    and Defendant, nor is there any indication his right to free speech was in fact

20    deprived.  Rather, Seitz's father lodged a complaint with the Los Angeles Sheriff's

21    Department ("Department"), Seitz launched his own media campaign against the

22    Department, and he subsequently filed this lawsuit.

23        Second, the corresponding conspiracy and retaliation claims fail because the

24    Complaint does not provide any detail regarding the alleged conspiracy.

25    Specifically, the Complaint does even allege facts that show Commander Diez and

26

27

28    [1] Specifically, Defendant incorporates the County's Motion to Dismiss as it relates to its arguments
underlying Counts 1 through 3 and 7 through 12.

-1-



1  Defendant ever spoke to one another or other members of the Department about

2  Seitz.

3      Third, as to the state law claims (counts 7-12), Seitz has failed to allege: (1)

4  how Defendant's actions constituted "extreme and outrageous conduct" (See

5  *Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009), for purposes of the IIED claim;

6  (2) that Defendant harbored a specific intent to violate Seitz's constitutional

7  rights, for purposes of the Bane Act claim (See *Galindo v. City of San Francisco*,

8  718 F.Supp.3d 1121, 1141 (N.D. Cal. 2024); (3) an "abuse of process" because the

9  Complaint never specifies a process by which the County, Commander Diez, and

10 Defendant allegedly abused; (4) facts that contradict the statements made by

11 Defendant, which is a requirement for the defamation claim; (5) a duty breached

12 by Defendant; and (6) the existent of an agreement, an agreed upon course of

13 action, or any wrongful conduct committed as a product of this alleged conspiracy.

### Local Rule 7-3 Statement

15     Counsel for Defendant Wyatt is informed and believe that on October 15,

16 2025, counsel for the County of Los Angeles and Justin R. Diez sent a letter to

17 Plaintiff's counsel to meet and confer regarding certain claims brought against

18 the County of Los Angeles,  Justin R. Diez and Richard Wyatt. Dkt. 33-3.  It is

19 defense counsel's understanding that the parties meet and conferred but were

20 unable to reach a resolution. Declaration of Angela M. Powell ("Powell Decl.")  ¶2.

21     On November 5, 2025, defense counsel for Defendant Wyatt sent Plaintiff's

22 counsel an email that explained that certain claims should be dismissed, and

23 Wyatt intends to move to dismiss counts 1 through 3, and 7 through 12 as set

24 forth in the County of Los Angeles' meet and confer letter. On November 6,  2025,

25 Plaintiff's counsel responded, indicating that they would not dismiss Seitz's

26 claims.  Powell Decl. Ex. 1.

27     This Motion is based upon this Notice the accompanying  Memorandum of

28 Points and Authorities, Declaration of Angela M. Powell, the pleadings and papers



1 | on file in this action and any oral argument that may be presented when the

2 | Motion is heard.

3

4 | Dated:  November 7, 2025                    JONES MAYER

5

6 | By: _____
      Angela M. Powell
      Attorneys for Defendant
7 |    RICHARD WYATT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JONES MAYER
LAW